## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

AMBER MIRZA,                          )
                                      )
                    Plaintiff,        )       Case No. 1:17-cv-4569
                                      )
v.                                    )
                                      )
MAESTRO HEALTHCARE                    )
TECHNOLOGY, INC.,                     )       JURY TRIAL DEMANDED
                                      )
                    Defendants.       )

## COMPLAINT

Plaintiff, AMBER MIRZA, by and through her attorneys, the LAW OFFICE OF TRENT AND BUTCHER, files this Complaint against Defendant, MAESTRO HEALTHCARE TECHNOLOGY, INC., and alleges and states as follows:

### NATURE OF CLAIM

1.      Plaintiff, AMBER MIRZA ("MIRZA") brings this action against her former employer MAESTRO HEALTHCARE TECHNOLOGY, INC. ("MAESTRO") for national origin discrimination and religion discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e-2 *et seq.*

### PARTIES

2.      MIRZA is a female citizen of the United States and the acts of discrimination occurred within the territorial jurisdiction of the District Court.

3.      MIRZA was at all relevant times an employee of MAESTRO and at all relevant times worked for MAESTRO in the State of Illinois under its authority and control.

1

## Jurisdiction and Venue

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and its supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) insofar as one or more parties reside in this district and events relevant to this Complaint took place in this district.

## Facts

6.      Plaintiff is a Pakistani female and practices the Muslim religion.

7.      Plaintiff began her employment with MAESTRO on March 1, 2016. During Plaintiff's employment at Defendant, she held the title of Senior Quality Assurance Engineer.

8.      After Plaintiff was hired, Defendant's Human Resources Department made copies of Plaintiff's passport and asked her about a trip to Saudi Arabia.

9.      During the course of her employment, Plaintiff maintained positive performance reviews, and met or exceeded her job duties.    No disciplinary action whatsoever was taken against Plaintiff during her employment.

10.     That from March 1, 2016 until March 25, 2016, Plaintiff was harassed at her workplace when Chad Lilly, a non-muslim Director, repeatedly asked Plaintiff if she was muslim.

11.     That from March 1, 2016 until March 25, 2016, Plaintiff was harassed at her workplace when Natalie Duffy, a non-muslim receptionist, asked if Plaintiff was a muslim, and was surprised when she learned that Plaintiff drank alcohol on occasion.

12.     That from March 1, 2016 to March 25, 2016, Plaintiff was harassed in her workplace when Chad Lilly, a non-Pakistani Director, repeated asked Plaintiff where she was from and requested to see her passport. A few days later, Natalie Duffy, a non-Pakistani receptionist,

2

asked Plaintiff where she was originally from.

13. That all of the above-referenced harassment created an uncomfortable work environment for the Plaintiff, which substantially interfered with her ability to perform her employment duties.

14. On March 25, 2016, Plaintiff was discharged from her employment with Defendant, MAESTRO by Suzie Murphy, a non-muslim and non-Pakistani supervisor.

15. The EEOC issued a Right to Sue notice on the charges of discrimination against Defendant.

16. Plaintiff satisfied all conditions precedent to pursuing the claims alleged in this Complaint.

## COUNT I
### Title VII National Origin Discrimination

17. Plaintiff restates and realleges paragraphs 1-16 as if specifically set forth herein.

18. 42 U.S.C. § 2000e-2(a) makes it unlawful for an employer to discriminate against an employee on the basis of national origin.

19. Plaintiff was the only Pakistani employed by the Defendant in a Senior Quality Assurance Engineer position.

20. During Plaintiff's employment, she was frequently asked where she was from and was requested to show her passport.

21. Similarly situated non-Pakistani employees were not repeatedly asked where they were from or asked to show their passports.

22. Similarly situated non-Pakistani employees have been treated differently than

3

Defendant under similar circumstances.

23.     Plaintiff was terminated by a non-Pakistani supervisor.

24.     Defendant violated 42 U.S.C. § 2000e-2(a) by treating Plaintiff differently than

similarly situated non-Pakistani employees whose work performance was equal to Plaintiff's

because of her national origin, as set forth above.

25.     Plaintiff was replaced by a non-Pakistani Senior Quality Assurance Engineer.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Find that Defendant discriminated against Plaintiff, in violation of Title VII of the Civil
   Rights Act of 1964;
B. Award compensatory and punitive damages to the maximum amount provided by
   statute;
C. Award all backpay lost since the date of termination plus pre-judgment interest;
D. Award attorney's fees, expert witness fees, and costs as provided by law;
E. Award frontpay;
F. Retain jurisdiction over this action to assure full compliance with the order of this Court
   and with applicable law; and
G. Grant such additional relief as this Court deems just and proper.

**COUNT II**
**Title VII Religion Discrimination**

26.     Plaintiff restates and realleges paragraphs 1-24 as if specifically set forth herein.

27.     42 U.S.C. § 2000e-2(a) makes it unlawful for an employer to discriminate against

an employee on the basis of religion.

28.     Similarly situated non-muslim employees whose work performance was equal to

Plaintiff's were not discharged.

29.     Defendant violated 42 U.S.C. § 2000e-2(a) by treating Plaintiff differently than

similarly situated employees because of her religion.

4

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Find that Defendant discriminated against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964;
B. Award compensatory and punitive damages to the maximum amount provided by statute;
C. Award all backpay lost since the date of termination plus pre-judgment interest;
D. Award attorney's fees, expert witness fees, and costs as provided by law;
E. Award frontpay;
F. Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; and
G. Grant such additional relief as this Court deems just and proper.


Respectfully submitted,

/s/ Douglas P. Trent
One of Plaintiff's Attorneys


Douglas P. Trent (ARDC #2855070)
Marc P. Trent (ARDC #6324928)
LAW OFFICE OF TRENT & BUTCHER
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
P: (630) 682-3100
F: (630) 682-3554
Email: lawyers@trentandbutcher.com

5

## CERTIFICATE OF SERVICE

I, Douglas P. Trent, do hereby certify that on June 19, 2017, I served the foregoing

Complaint, upon the following counsel of record:

Ruth A. Horvatich
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
rhorvatich@mcgrathnorth.com

/s/ Douglas P. Trent
One of Plaintiff's Attorneys