File No. 26123-KSP

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMBER MIRZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-cv-04569 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| MAESTRO HEALTHCARE | ) | |
| TECHNOLOGY, INC., | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO COMPEL INTERROGATORY ANSWERS**

Defendant, MAESTRO HEALTH, INC. ("Defendant"), through its attorneys, KRISTINE S. PHILLIPS and SUKRAT A. BABER of O'HAGAN MEYER LLC, for its Motion to Compel Interrogatory Answers, states as follows:

1. On June 19, 2017, Plaintiff filed her Complaint, which alleges national origin and religious discrimination arising out of Plaintiff's 25-day employment with Defendant. (Compl., Dkt. #2).

2. Plaintiff has caused significant discovery delay in this case including due to late and incomplete disclosure of information regarding her medical and psychological history. The timeline of this delay, until the time of the events leading to this motion, is set forth in Defendant's May 23, 2018 Motion to Extend Fact Discovery Deadline which was granted on June 5, 2018. (*see* Dkt. # 47, 52). Meanwhile, the events leading to this motion are as follows:

3. On May 17, 2018, Defendant issued Plaintiff its 3rd Set of Interrogatories ("Interrogatories") and Documents Requests (collectively, "3rd Discovery Requests"). (*see* Defendant's 3rd Set of Discovery Requests, Exhibit 1). The 3rd Discovery Requests requested information based on records for Plaintiff's psychological treatment which Plaintiff attributes to

1

Defendant, and those records were produced on May 7, 2018. (*see* Dr. Pelton Records, Exhibit 2). The psychological records also have not been disclosed in Plaintiff's Mandatory Initial Disclosures. Based on the late disclosure of Plaintiff's psychological treatment and related records, Plaintiff's counsel agreed to comply with the 3rd Discovery Requests by the May 31, 2018 Fact Discovery Deadline, as stated in Defendant's May 23, 2018 Motion to Extend, which Plaintiff did not object to. (*see* Dkt. #47, ¶ 9).

4. Plaintiff testified that her psychologist attributed her mental health issues solely to the alleged acts of Defendant in terminating Plaintiff's employment. (*see* Portions of Plaintiff's Deposition Testimony, Exhibit 3 at 352:9-18). However, the psychological records indicate that Plaintiff suffered psychological conditions due in part to: no support from her husband or mother, Plaintiff's husband calling her "crazy," Plaintiff's divorce with her husband, financial and marital stress, arguments with her mother about cultural issues, other criticism from Plaintiff's family, and other matters unrelated to Defendant. (*see* Ex. 2 at MIRZA000041, 44, PELTON000040, 46). The records also note that Plaintiff did not want money from this lawsuit, but her family would. *Id*. at MIRZA00048.

4. Plaintiff's counsel did not comply by May 31, 2018 as agreed, and on June 13, 2018, Defendant's counsel held a teleconference and sent follow-up correspondence pursuant to FRCP 26(f) requesting Plaintiff's answers/responses to Defendant's 3rd Discovery Requests as soon as possible. (*see* June 13, 2018 Email, Exhibit 4). During the discussion, Defendant's counsel discussed with Plaintiff's counsel each request and its relevance, and Plaintiff's counsel did not have any objections to the requests. *See id*. Defendant's counsel memorialized the discussion stating: "I explained the relevance of each request and you did not see any issues with them." *Id*. Defendant's counsel further specified: "I have had to follow-up on [Plaintiff's]

discovery responses regularly. Therefore, to avoid a motion to compel, I will likely need responses this week to allow time for 26(f) follow-up and then to allow Plaintiff to cure any deficiencies." *Id*. Plaintiff's counsel did not advise that he had any issues with the memorialization.

5. On June 15, 2018, Defendant's counsel followed up on the answers/responses, indicating that due to the July 2, 2018 fact discovery deadline, Defendant would have to file a motion to compel if Plaintiff's answers were deficient. (*see* June 15, 2018 Email, Exhibit 5). The parties engaged in another 26(f) teleconference on June 18, 2018, memorialized as follows: "Though you do not have any documents or interrogatory answers from [Plaintiff] at this time, you will try to respond to our third set of discovery requests by this Thursday at 4pm. We will have to file a motion to compel by that time in order to notice it up before Judge Valdez before the close of fact discovery." *Id*. Plaintiff's counsel did not advise that he had any issues with the memorialization.

6. On June 26, 2018, Defendant's counsel wrote again pursuant to Rule 26(f) advising that Defendant had not received the answers/responses, but had not filed a motion to compel because the parties were scheduled for an upcoming settlement conference with the Court, and Defendant's counsel did not want to file a motion to compel leading into the conference. (*see* June 26, 2018 Email, Exhibit 6). Later that day, Plaintiff's counsel sent responses and answers to the 3rd Discovery Requests. (*see* Plaintiff's Responses/Answers to 3rd Discovery Requests, Exhibit 7). The interrogatory answers did not include a signed verification from Plaintiff. *Id*. Further, despite the fact that the parties had earlier discussed the relevance of each Interrogatory, the only Interrogatory answer Plaintiff provided was that Plaintiff "has a student loan." *See id*. Plaintiff's counsel objected, without answering, the other Interrogatories.

Defendant's counsel wrote to Plaintiff's counsel that same day stating the responses/answers were very deficient, and that since the responses/answers were provided within days of the fact discovery deadline, a motion to compel would mostly likely be required. (*see* June 26, 2018 2nd Email, Exhibit 8).

7. On June 27, 2018, Defendant's counsel sent Plaintiff's counsel correspondence pursuant to FRCP 26(f) outlining the relevant procedural history, law, and deficiencies in Plaintiff's Interrogatory answers to the 3rd Discovery Requests, and provided Plaintiff's counsel a final opportunity to cure the deficiencies before filing a motion to compel. (*see* June 27, 2018 Letter, Exhibit 9).

8. On June 28, 2018, Plaintiff's counsel provided Defendant's counsel Supplemental Answers and Objection to Defendant's Third Set of Interrogatories in an attempt to cure the deficiencies and avoid this motion. (*see* Plaintiff's Supplemental Interrogatory Answers, Exhibit 10). No new answers were provided. *See id*. Instead, Plaintiff made new objections to Interrogatory No. 2 on the basis of "relevance" and that the Interrogatories were "unintelligible." *See id*. Plaintiff's counsel sent a letter in conjunction with the supplemental answers. (*see* Plaintiff's June 28, 2018 Letter, Exhibit 11).[1] In that letter, Plaintiff's counsel wrote: "Be advised that I do not have the necessity nor the time to respond to your daily emails and other correspondence." *Id*. Further, counsel wrote: "You are attempting to harass my client and intimidate her through your unduly burdensome and oppressive discovery requests." *Id*.

7. As stated in Defendant's counsel's June 27, 2018 Letter: The Interrogatories requested the identity of any of Plaintiff's lenders for the limited time period of March 1, 2014 (2

---

[1] The letter was marked as pursuant to FRCP 408; however, the content of that letter was strictly regarding the discovery disputes. Further, Plaintiff's counsel had earlier that day sent a FRCP 408 letter that was actually regarding FRCP matters, and it thus appears the heading in the discovery dispute letter was in error.

years prior to the start of Plaintiff's employment with Defendant) to the present, in addition to the amount of any outstanding debt during March 1 of each year to the current day (since the balance of that debt during certain intervals is important to analyze Plaintiff's financial difficulties in relation to her employment history). (*see* Exs. 9, 1). They also requested whether Plaintiff attributes any of the debts to acts/omissions of Defendant. *See id*. Further, they requested the identity (including contact information) of the family members mentioned during Plaintiff's psychological treatment; how, and the extent to which Plaintiff's relationship with the family members was affected by Defendant; details of the "cultural issues" mentioned in Plaintiff's psychological records; whether, and how those issues relate to Defendant, and; details regarding which family members expected Plaintiff to obtain a settlement in this lawsuit. (*see id*.).

8. Parties can discover any nonprivileged matter relevant to a party's claim or defense, taking into the account proportionality to the needs of the case, the amount in controversy, whether the burden or expense of the proposed discovery outweighs its likely benefit, and other factors. FRCP 26(b). Information need not be admissible in evidence to be discoverable. *Id*. "The Federal Rules of Civil Procedure broadly permit parties in litigation to obtain discovery "'regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Bond v. Utreras*, 585 F.3d 1061, 1067 (7th Cir. 2009) citing FRCP 26(b).

9. Defendant would be entitled to the information requested in the Interrogatories, even if Plaintiff were only claiming "garden variety" emotional distress, to differentiate Plaintiff's emotional distress attributable to Defendant versus other factors in Plaintiff's life. *See id*. However, Plaintiff is making a psychological damages claim beyond "garden variety" damages, and by injecting her treatment into this lawsuit, has significantly expanded the scope of

5

discovery. *See Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D. Ill. 1999) (regarding damages beyond "garden variety"); *see also Santos v. The Boeing Co.*, 2003 WL 23162439, at *1 (N.D. Ill. Oct. 21, 2003). Plaintiff is claiming that she suffered post-traumatic stress disorder because Defendant terminated her after 25 days of employment.[2] The information requested is relevant to the damages claimed so Defendant can differentiate Plaintiff's mental/emotional issues attributable to Defendant versus other factors in Plaintiff's life.

10. Plaintiff's counsel's June 27, 2018 letter stated: "While it is unfortunate that you do not like Plaintiff's Answers and Responses, they are Answers and Responses," and that Plaintiff is not required to provide answers that "she does not have answers to." Counsel's understanding of a party's obligations regarding interrogatories is incorrect. Plaintiff must not only answer information within her knowledge, but within her control. *Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 413 (N.D. Ill. 2007). If the information is not available, a party must "must respond in a way that lets the requesting party know the information is not available." *Bell v. Woodward Governor Co.*, No. 2005 WL 289963, at *2 (N.D. Ill. Feb. 7, 2005). Further, Plaintiff must provide information available to her after a reasonable inquiry. *Gerling Int'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 137 (3d Cir. 1988). It is doubtful that Plaintiff does not know, e.g., the contact information for her mother, her husband, and the cultural issues that she spoke to her psychologists about. Further, it is doubtful that Plaintiff, an intelligent IT professional, does not have access or control over her student loan information. Plaintiff has an obligation to answer her interrogatories "fully in writing under oath." FRCP 33. Further, the Interrogatories are not "harassing and oppressive." Again, Defendant needs the information

---

[2] Meanwhile, Plaintiff's former employer recently produced records showing that Plaintiff did not seek a job with Defendant because she wanted less hours and work life balance per Plaintiff's testimony; it was because she had poor performance reviews and failed a performance improvement plan in her last year of employment, after which Plaintiff resigned in a scathing email alleging she was "persecuted" and experienced a "hostile work environment" with her former employer.

requested to discern between mental health issues attributable to Defendant, versus factors in Plaintiff's life including those mentioned in her psychological records. Plaintiff is claiming these damages, she has filed the lawsuit, and therefore she must provide the information.

10. Plaintiff's counsel's new objections in Plaintiff's supplemental answers regarding "unintelligible" Interrogatories are also unpersuasive and ineffective. Defendant's counsel telephonically explained each Interrogatory to Plaintiff's counsel, and Plaintiff's counsel did not make those objections in Plaintiff's original answers to the Interrogatories. The objections fail in context, too. For example, Plaintiff refuses to answer which of her family relationships were affected by the acts or omissions of Defendant, because of Defendant's "failure to define what acts and omissions of defendant that defendant [sic] is referring to." This is a circular objection because Defendant is asking *Plaintiff* what relationship issues, if any, she attributes to Defendant.[3]

11. Plaintiff and her counsel are frustrating the spirit of discovery. They are seeking damages from Defendant for serious mental issues arising out of an employment decision, but are refusing to disclose information so Defendant can assess those damages. Perhaps the biggest concern is Plaintiff's counsel's statement that he does not have the "time or necessity" to respond to Defendant's "daily" FRCP 26(f) contact. The purpose of FRCP 26(f) and more specifically, LR37.2 and this Court's standing order, is for counsel to resolve discovery disputes without wasting the *Court's* time. The reason Defendant has had to engage in FRCP 26(f) procedure so often (of course, Plaintiff's counsel statement of "daily" 26(f) contact is flippant and unprofessional hyperbole) with Plaintiff, through counsel, is because Plaintiff has been extremely dilatory and deficient in discovery. She required over 68 days to answer Defendant's

---

[3] On Friday, June 29, 2018, Plaintiff's ex-husband was deposed and testified that Plaintiff's experiences and termination with Defendant was the sole cause of his divorce with Plaintiff. This makes the information requested even more relevant to Plaintiff's damages claims.

first set of discovery requests, and hardly provided any information when she did answer, instigating significant follow-up by Defendant to obtain information it was and is entitled to in subsequent discovery. (*see* Plaintiff's Answers to Defendant's First Set of Interrogatories, Exhibit 12). Plaintiff's counsel's comment about his "time and necessity" displays disregard for the Court's time, and the comment, along with his conduct in discovery, is sanctionable.[4]

12. A party seeking discovery may move for an order compelling the discovery sought. FRCP 37(3)(B). The appropriate remedy for a party's failure to respond to discovery obligations is a motion to compel. *Parnell v. Hometown Distrib. Co.*, 2006 WL 314518, at *10 (N.D. Ill. Feb. 7, 2006). Plaintiff has failed to answer Defendant's 3rd Set of Interrogatories despite Defendant's diligent attempts to resolve the dispute and the relevance and proportionality (to this lawsuit) of the information sought. As such, Defendant files this motion to compel as a remedy for Plaintiff's failure to provide Defendant the information it needs to properly defend itself. *See id*.

12. For the foregoing reasons, Defendant requests that this Court enter an order compelling Plaintiff to answer all interrogatories, including sub-parts, of Defendants 3rd Set of Interrogatories Directed to Plaintiff, within seven (7) days of the order.

WHEREFORE, Defendant, MAESTRO HEALTH, INC., respectfully requests that this Court grant its Motion to Compel Interrogatory Answers, and for all other just and proper relief.

Dated: July 2, 2018

---

[4] A final point of concern, as stated near the end of Defendant's counsel's June 27, 2018 Letter, is Plaintiff's counsel's threats of filing his own motion to compel based on alleged intentional deletion of text in Slack Chats produced by Defendant's counsel. Defendant's counsel has explained to Plaintiff's counsel several times in person and in writing that the reason some text was missing in original production of those Slack Chats was due to a document conversion issue (Excel to .pdf format) in Defendant's counsel's office. Defendant's counsel ultimately sent Plaintiff's counsel the Excel version of those Slack Chats in the same format received from his client. Plaintiff has tried to make an issue out of that technological error in an act of gamesmanship, and Defendant will seek sanctions for any motion Plaintiff will file related to this issue.

Respectfully submitted:

MAESTRO HEALTH, INC.

By: /s/ Sukrat A. Baber
   One of its attorneys
   O'HAGAN MEYER LLC

Kristine S. Phillips
Sukrat Baber
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
kphillips@ohaganmeyer.com
sbaber@ohaganmeyer.com

### LR37.2 Verification

I, Sukrat Baber, an attorney, state that after consultation in person and by telephone and good faith attempts to resolve differences, I have been unable to reach an accord with Plaintiff's counsel. The time and dates of the discussions and correspondence are stated in the preceding motion and attachments thereto.

/s/Sukrat A. Baber
Sukrat A. Baber

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**Attorney for Plaintiff**
Douglas P. Trent
Marc P. Trent
Law Office of Trent & Butcher
350 S. Schmale Rd., Ste. 130
Carol Stream, IL 60188
PH: 630.682.3100
FX: 630.682.3554
lawyers@trentandbutcher.com

                                           /s/ Sukrat A. Baber
                                           Kristine S. Phillips
                                           Sukrat A. Baber
                                           O'HAGAN MEYER LLC
                                           One E. Wacker Dr., Suite 3400
                                           Chicago, Illinois 60601
                                           Telephone: 312.422.6100
                                           Facsimile: 312.422.6110
                                           kphillips@ohaganmeyer.com
                                           sbaber@ohaganmeyer.com